IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

FEB 0 4 2014

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> DEAN LaFROMBOISE, <br><br> Defendant/Movant. | Cause No. CR 94-82-BLG-SPW <br><br> ORDER DENYING MOTION TO RECONSIDER AND DENYING CERTIFICATE OF APPEALABILITY |

Defendant/Movant Dean LaFromboise seeks reconsideration, under Fed. R. Civ. P. 59(e), of this Court's denial, on January 16, 2014, of a motion he filed on January 10, 2014. That motion was filed ostensibly under Fed. R. Civ. P. 60(b) but was, in part, a second collateral attack under 28 U.S.C. § 2255 on LaFromboise's conviction and sentence. LaFromboise is a federal prisoner proceeding pro se.

LaFromboise does not show any reason to reconsider. To whatever extent his Rule 60(b) motion was not in substance an unauthorized second or successive § 2255 motion, its denial as untimely was correct. Fed. R. Civ. P. 60(c)(1).

Again, it is not clear whether a certificate of appealability, 28 U.S.C. § 2253(c)(2), is required when a legitimate Rule 60(b) motion – that is, one that is not mere camouflage for a second or successive § 2255 motion – is denied. *Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013). To the extent a COA is required, it

1

is denied. Jurists of reason could not debate the untimeliness of LaFromboise's Rule 60(b) motion or this Court's lack of jurisdiction to entertain an unauthorized second or successive § 2255 motion. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because those things cannot be debated, there is no call for reconsideration.

Accordingly, IT IS HEREBY ORDERED that LaFromboise's motion to reconsider (Doc. 783) is DENIED. A certificate of appealability, if required and if appropriate, is DENIED. No further motions will be considered in connection with LaFromboise's Rule 60 motion.

DATED this 4th day of February, 2014.

Susan P. Watters
United States District Court